USDC IN/ND case 1:20-cv-00092-WCL-SLC document 6 filed 01/28/20 page 1 of 9

02D01-2001-CT-000060  
Filed: 1/28/2020 9:11 AM  
Clerk  
Allen Superior Court 1  
Allen County, Indiana  
BB

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE ALLEN SUPERIOR COURT |
| | ) §: | |
| COUNTY OF ALLEN | ) | Cause No._____ |

LILIANA E. MON,  )
  )
 Plaintiff,  )
  )
v.  )
  )
LIPPERT COMPONENTS  )
MANUFACTURING, INC.,  )
  )
 Defendant.  )

## COMPLAINT

Plaintiff, by counsel, alleges against Defendant as follows:

1. The Plaintiff is Liliana E. Mon, ("Plaintiff"), a qualified employee of Hispanic/Mexican national origin, with a serious medical condition constituting a disability/record of impairment/perceived disability. At all times relevant to this complaint, the plaintiff lived in Fort Wayne, Allen County, Indiana.

2. The defendant is Lippert Components Manufacturing, Inc., d/b/a Lippert Components ("Defendant"), a company doing business at 2909 Pleasant Center Road, Yoder, Indiana in Allen County. The defendant was an "employer" for the purposes of the Americans with Disabilities Act of 1990, 42 U.S.C. § 1211 *et seq.* ("ADA") and 42 U.S.C. § 12111 *et seq.* ("ADA") as amended by the ADAA. The Defendant has a registered agent address of Corporation Services Company, 135 North Pennsylvania, Suite 1610, Indianapolis Indiana 46204.

3. Plaintiff filed a Charge of Discrimination on or about February 27, 2019, EEOC No. 470-2019-01668 a copy of which is attached hereto, incorporated herein and

made a part hereof as Exhibit "A". The EEOC issued a Dismissal and Notice of Right to Sue letter on October, 31, 2019, a copy of which was received by plaintiff's counsel on November 4, 2019, and which is attached hereto and incorporated herein as Exhibit "B". All administrative remedies have been exhausted and all jurisdictional prerequisites have been met for the filing of this lawsuit.

4. Plaintiff worked for Defendant from August 19, 2016 until she was terminated on or about June 25, 2018.

5. On or about April 20, 2018 the Plaintiff was involved in a motor vehicle accident as she was leaving the parking lot of the facility at which she was employed. Due to injuries received in the accident, the Plaintiff was put on work restrictions by her physician, and also placed off-work for a period of time. Plaintiff communicated with her employer regarding her need to be off work, due to Whiplash injuries, affecting the right side of her neck, shoulder, hip and arm, and which significantly impaired her ability to bend, twist, to carry or lift weight and to pull.

6. On or about April 30, 2018 the Plaintiff was released to return to work with restrictions for light duty. For the first couple of days Plaintiff was provided paperwork to comply with the light duty restrictions, but after that the Defendant refused to abide by her light duty work restrictions and placed her back on the assembly line because they were short on personnel.

7. Because she was forced to work in violation of her work restrictions or lose her job, the Plaintiff had worsening symptoms, causing her to miss work and visit her physician.

8. On May 3, 2018 the physician placed the Plaintiff off work due to her worsening symptoms, only permitting her to return to work after physical therapy, and with more stringent work restrictions on May 13, 2018.

9. The Plaintiff's physician recommended the Plaintiff speak with the Human Resources at Defendant about short term disability. The HR representative stated that she would get back with Plaintiff on that possibility, and the Plaintiff was again assigned paperwork duties due to her work restrictions.

10. On or about June 4, 2018, the Plaintiff was asked to relocate to a new plant in Roanoke, Indiana as a sewing supervisor's assistant, helping with paperwork and some computer work. However, they did not have a computer for her so the Plaintiff performed printing and labeling, her work was checked periodically by her supervisor and was told she was going a good job.

11. A few days later the Plaintiff was asked to make pull straps, which violated her work restrictions, and which caused the Plaintiff' to have increasing and worsening pain. On or about June 18, 2018, the Plaintiff was told she would be transferred to a workshop department by Josh Horner.

12. When she began work at the workshop department, the Plaintiff was put to work by the supervisor doing paperwork instead of machine work. When Josh Horner learned she was doing paperwork and was not doing machine work, he became extremely upset.

13. The Plaintiff was then assigned to use carts and move wood, that exceeded her 5lb weight limit restrictions. On or about June 25, 2018, when Plaintiff was walking to lunch, she was pulled aside by Josh Horner, and the Human Resources

representative her accused the Plaintiff of not completing assigned tasks. The Plaintiff denied this and reminded them that she had done the work instructed by her supervisors. She refused to sign off on these allegations as they were false. She was then escorted from the premises by Josh Horton and terminated.

14. Plaintiff contends that Defendant's proffered reason for her termination was false and pretextual, and that the actual reason was due to her race/ethnicity Hispanic/Mexican, and her disability/perceived disability/record of impairment, and in retaliation for requesting light duty due to her work restrictions.

15. Defendant's discriminatory and/or retaliatory conduct was the direct and proximate cause of the plaintiff suffering the loss of her job and job related benefits including income, and subjected Plaintiff to inconvenience, mental anguish, emotional distress, and other damages and injuries.

16. Defendant's discriminatory and/or retaliatory conduct was intentional, willful, wanton, and in reckless disregard of Plaintiff's federally protected rights under the ADA and Title VII, and imposition of punitive damages is appropriate (where available), as is imposition of liquidated damages (where available).

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant for compensatory damages, punitive damages, reasonable attorneys' fees and costs, and for all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**

/s/ Christopher C. Myers
Christopher C. Myers (10043-02)
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone: (260) 424-0600
Facsimile: (260) 424-0712
E-mail: cmyers@myers-law.com
Counsel for Plaintiff

USDC IN/ND case 1:20-cv-00097-WCL-SLC document 6 filed 01/28/20 page 6 of 9

Filed: 1/28/2020 9:11 AM
Clerk
Allen County, Indiana
BB

02D01-2003-CT-000060

Allen Superior Court 1

0_210:21 p.m. 02-27-2019    4

FEB/27/2019/WED 03:14 PM          FAX No.                                     P. 004

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 470-2019-01668 |

Equal Employment Opportunity Commission and EEOC

*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Liliana E. Mon | (260) 760-7690 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 1520 E. Rudisill Blvd. | Fort Wayne, IN 46806 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Lippert Components | | |

| Street Address | City, State and ZIP Code |
|---|---|
| 2909 Pleasant Center Road | Yoder, IN 46798 |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☒ NATIONAL ORIGIN
☒ RETALIATION   ☐ AGE   ☒ DISABILITY   ☐ GENETIC INFORMATION
☐ OTHER:

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 04/20/2018    Latest: 06/25/2018

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. The Complainant is Liliana E. Mon, a qualified employee of Hispanic/Mexican national origin who also suffered from a disability/perceived disability/record of impairment at all material times to this charge. The Complainant contends that at all material times, the Respondent discriminated against and/or retaliated against her, and also failed to engage in the interactive process and denied her reasonable accommodations, all in violation of her federally protected rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 e et. seq. ("Title VII"), and the American with Disabilities Act, 42 U.S.C. § 12111 et. seq. ("ADA"), and the ADAA.

II. The Respondent is Lippert Components, a company doing business at 2909 Pleasant Center Road, Yoder, IN 46798. At all material times to this charge, the Respondent was an "employer" for the purposes of Title VII and the ADA Amendments Act of 2008 ("ADAA").

III. On or about April 20, 2018, the Complainant was involved in a vehicle accident as she was leaving the parking lot of the facility she worked at. Because of the injuries, the Complainant was placed on work restrictions by her physician, who also took her off of work for a period of time. The Complainant's injuries included "whiplash" which affected the right side of her neck, shoulder, hip and arm, and impaired her ability to bend, twist, carry, and pull.

IV. The Complainant returned to work on Monday April 30, 2018, with light duty restrictions. For the first couple of days she was provided paperwork to complete for the light duty, but after that the Respondent failed to comply with her work restrictions and put her back on her assembly line because allegedly the Respondent was short on quality control personnel at the time.

V. Because the Respondent forced the Complainant to perform work in violation of the work restrictions, the Complainant's symptoms from her disability/perceived disability/impairment of impairment worsened, causing the Complainant to need the following day off of work.

VI. On May 3, 2018 the Complainant saw her doctor again, who promptly took the Complainant back off of work.

Continued on Page 2

Ex. A

VII. The Complainant then attended physical therapy, and then was permitted to return to work on May 13, 2018, albeit with more stringent work restrictions.

VIII. The Complainant spoke to the Human Resources representative, and told her that the Complainant's doctor had wanted the Complainant talk to the employer about the option of short term disability. The representative said she didn't know if that would be available but would obtain information for the Complainant. The Complainant was then placed on light work duties, completing paperwork.

IX. The Complainant was eventually called into a meeting with Human Resources representative and Josh Horner to talk about the Complainant's restrictions. Mr. Horner did not appear happy about the restrictions, and asked the Complainant how long she would be on them. The Complainant that she did not yet know.

X. On or about June 4, 2018, the Complainant talked to the Human Resources representative, informed her that the last time the Complainant had been placed on one of the work lines her symptoms from her condition had worsened, and she had to miss work as a result. She also reminded the Human Resources representative that she (Complainant) now had more strict work restrictions than before.

XI. On June 4, 2018, the Complainant was also asked to relocate to a new plant in Roanoke, IN, to be a sewing supervisor's assistant, helping with paperwork and some computer work. Upon the Complainant's arrival, she initially did paperwork, but there was not a computer for the Complainant to work on, so the supervisor showed her how to print and label items. As the Complainant performed the printing and labeling, the supervisor checked her work periodically and told her she was doing a good job.

XII. One day this new work was slow, so the Complainant was asked to make pull straps. The Complainant wasn't sure that this wasn't possible, so she started the tasks she was ordered to do. Soon she began hurting, because the table and machine she was working on was set up in a way that required her to bend and twist. She informed her superiors that the tasks were causing her level of pain to increase, and as the days went by, she kept asking them if she was going to be set up with a computer so she could do computer work (which was she was originally told she would do if she came to this Roanoke location).

XIII. On Monday June 18, 2018, the Complainant was told she was being transferred to a workshop department. She asked if she could be moved to another department. Josh Horner told her that once she was well, if an opportunity came up she "should be able to" go to a different department, adding if the Complainant "attitude" "attendance" were good, maybe. After this conversation the Complainant went to the sewing supervisor to ask if she had been doing anything wrong. The sewing supervisor informed the Complainant that she was doing "great and exactly what you are being told to do". The sewing supervisor also told the Complainant she didn't know why Mr. Horner didn't seem to want the Complainant helping a co-worker named Megan doing paperwork. The sewing supervisor also mentioned that the company wasn't giving the Complainant a computer.

XIV. When the Complainant was moved over to the workshop department, she was initially put to work by the supervisor there doing paperwork instead of machine work. Eventually Josh Horner came and checked and became extremely upset that Complainant was doing paperwork. The Complainant explained that her new supervisor had instructed her to do.

XV. Eventually the Complainant was put to work also doing carts, which required her to move wood that weighed over her 5 lbs weight limit.

XVI. On June 25, 2018, as the Complainant was walking to her work area after lunch, she was pulled aside by Josh Horner and the Human Resources representative, who accused the Complainant of supposedly not completing tasks they had given her to do. They also showed the Complainant two forms containing the allegations, and appeared to want her to sign them. The Complainant refused to sign them. She was then escorted by Mr. Horton to get her things and then walked out of the building, as she was terminated.

Continued on Page 3

FEB/27/2019/WED 03:15 PM                    FAX No.                              P. 006

XVII. Complainant contends that similarly situated employees with injuries and work restrictions, who were non-Hispanic/not of Mexican national origin were treated more favorably than the Complainant as to the granting of requests for reasonable accommodations and the provision of work within the non-Hispanic employees work restrictions when ill or injured. Complainant also contends that similarly situated employees who were non-Hispanic and/or who were of non-Mexican national origin, were treated more favorably in the granting of light duty work for disabilities and perceived disabilities.

XVIII. Complainant further contends that the Respondent denied her reasonable accommodations and failed to engage in the interactive process when the Complainant was given work restrictions, because the Respondent kept giving her work that required her to violate her work restrictions for her disability/perceived disability. The Complainant also contends that when similarly situated individuals outside of her protected categories were unable to work do to serious health conditions (with her injuries from the auto collision were) unlike the Complainant, the Respondent provided them family medical leave so that they could take sufficient time off to attend to their serious health conditions-a benefit the Complainant was not granted.

XIX. The Complainant contends that the Respondent discriminated against and retaliated against her on the basis of her national origin (Hispanic/Mexican national origin), and her disability/perceived disability/record of impairment, in violation of the Complainant's federally protected rights under Title VII and the ADA, and the ADAA. (In the alternative, the Complainant contends that the Respondent discriminated against and/or retaliated against her for asserting her rights to family medical leave, and interfered with her ability to utilize FMLA leave that she was otherwise entitled to receive.) The Respondent's unlawful discriminatory and/or retaliatory conduct was the direct and proximate cause of the Complainant suffering the loss of her job and job related benefits including income, and also subjected the Complainant to inconvenience, mental anguish, emotional distress, and other damages and injuries. The Complainant is entitled to seek compensatory damages and reasonable attorney fees from the Respondent.

XX. The Respondent's unlawful, discriminatory, and/or retaliatory conduct was intentional, knowing, willful, wanton, and in reckless disregard of the Complainant's rights under Title VII and the ADA (and/or the FMLA), entitling the Complainant to seek punitive damages (and liquidated damages were available).

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

2/27/19   [signature]
Date       Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements
[signature]
I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT
X [signature]
SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)
02/27/2019

LORI KAY KOLB
Seal
Notary Public - State of Indiana
Allen County
My Commission Expires Dec 20, 2024

EEOC Form 161 (11/16)  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Liliana Mon
1520 Rudisill Boulevard
Fort Wayne, IN 46806

From: Indianapolis District Office
101 West Ohio Street
Suite 1900
Indianapolis, IN 46204

☐ On behalf of person(s) aggrieved whose identity is
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 470-2019-01668 | Michelle D. Ware, Enforcement Supervisor | (463) 999-1184 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Michelle Eisele,
District Director

OCT 3 1 2019
*(Date Mailed)*

Enclosures(s)

cc:
Eileen Pruitt
Director of Legal Affairs-Litigation & Employment
LIPPERT COMPONENTS
4100 Edison Lakes Parkway
Suite 210
Mishawaka, IN 46545

Attorney for Liliana Mon
Christopher C. Myers
CHRISTOPHER C. MYERS & ASSOCIATES
809 South Calhoun Street
Suite 400
Fort Wayne, IN 46802

Ex. B